## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID L. SMITH, | ) | |
| | ) | Civil Action Number: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| D/B/A GEORGIA STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COMES NOW Plaintiff David L. Smith (hereinafter "Plaintiff Smith") by and through his undersigned counsel, and files this lawsuit against Defendant Board of Regents of the University System of Georgia d/b/a Georgia State University ("the University") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1.  The instant action arises from the University's violations of Plaintiff Smith's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of

the FLSA by the University which have deprived Plaintiff Smith of his lawful overtime wages.

2.     The University employs Plaintiff Smith as Data Center Technician Lead.

3.     During the employment of Plaintiff Smith, the University committed violations of the FLSA by failing to compensate him at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

4.     Plaintiff Smith seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6.     Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because the University is subject to personal jurisdiction in this District.

## PARTIES

7.     Plaintiff Smith resides in Riverdale, Georgia (within this District).

8.      At all times material to this action, Plaintiff Smith is an "employee" of the University defined by § 203(e)(1) of the FLSA, and works for the University within the territory of the United States.   Plaintiff Smith is further covered by §§ 203, 206, and 207 of the FLSA for the period in which he was/is employed by the University.

9.      The University conducts business within this State and District.

10.     The University is a public university within the state of Georgia.

11.     The University is located within this District at 33 Gilmer Street SE, Atlanta, Georgia.

12.     The University is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through the Chancellor of the Board of Regents, Hank M. Huckaby, Board of Regents of the University System of Georgia, 270 Washington Street SW, Atlanta, Georgia 30334.

13.     The University maintained either actual or constructive control, oversight and direction of the University's business, including the employment and pay and other practices of those operations of Plaintiff Smith.

14.     At all times material to this action, the University was an enterprise engaged in commerce or in the production of goods for commerce as defined by

§ 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

15.     At all times material to this action, the University was an "employer" of Plaintiff Smith as defined by § 203(d) of the FLSA.

16.     The overtime provisions set forth in § 207 of the FLSA apply to the University.

## FACTUAL ALLEGATIONS

17.     The University has employed Plaintiff Smith from 1997 through present and as a Data Center Technician Lead since 2004.

18.     As a Data Center Technician Lead, Plaintiff Smith is/was required, in part, to monitor the University's wired and wireless network using the network management applications, perform daily check on the operational status of the University's video surveillance network, respond to customer network requests, and perform tape backups for the University and Board of Regents systems.

19.     During the relevant time period up until September, 2015, the University required Plaintiff Smith to work three (3) shifts of twelve (12) hours one week and four (4) shifts of twelve (12) hours the next week.

20.     Every other week, the University required Plaintiff Smith to regularly work in excess of forty (40) hours per week.

21.    The University was aware that Plaintiff Smith worked more than forty (40) hours per week.

22.    The University classified the position of Data Center Technician Lead as non-exempt meaning that employees employed in the position were entitled to overtime pursuant to the FLSA.

23.    Although the University classified the position as non-exempt, at all times relevant to this action, the University did not compensate Plaintiff Smith for hours worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which he was employed.

24.    The University failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff Smith.

25.    The University failed to meet the requirements for paying Plaintiff Smith at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff Smith was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

26.    On May 9, 2016, the University, through its Office of the Director for Payroll, Benefits, & HRIS, sent Plaintiff Smith written notification instructing him to sign and return an attached Department of Labor (DOL) Receipt for Payment of

Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation ("DOL's Receipt") and instructing Plaintiff Smith that it had remitted to him via direct deposit on May 13, 2016 the amount identified in the DOL's Receipt of $2,868.64.

27.    The DOL's Receipt provided to Plaintiff Smith from the University states that the gross amount of back wages of $2,868.64 was being provided for the workweek ending 03/22/2014 through 09/19/2015.

28.    The DOL's Receipt states that $0.00 was being provided in liquidated damages.

29.    The DOL's Receipt provides a signature block for the employee should he accept the payment and Plaintiff Smith did not sign the DOL's Receipt.

30.    On May 26, 2016, Plaintiff Smith notified the Office of the Director for Payroll, Benefits, & HRIS that he was not accepting the direct deposit and requested information regarding how to return the funds.

31.    Plaintiff Smith is entitled to compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times his regular rate at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

32.    By reason of the said intentional, willful and unlawful acts of the University, Plaintiff Smith has suffered damages plus incurring costs and reasonable attorneys' fees.

33.    As a result of the University's failure to act with good faith in compensating Plaintiff Smith, he is entitled to liquidated damages.

34.    Plaintiff Smith has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff Smith is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

35.    Plaintiff Smith demands a jury trial.

### COUNT I

36.    Plaintiff Smith repeats and incorporates by reference all preceding Paragraphs herein.

37.    By its actions alleged herein, the University willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff Smith in accordance with §§ 203 and 207 of the FLSA.

38.    The University has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff Smith.

39.     As a result of the University's violations of the FLSA, Plaintiff Smith has suffered damages by failing to receive overtime compensation in accordance with §§ 203 and 207 of the FLSA.

40.     As a result of the unlawful acts of the University, Plaintiff Smith has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Smith, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.   That Plaintiff Smith be awarded damages in the amount of his respective unpaid compensation, plus an equal amount of liquidated damages;

B.   That Plaintiff Smith be awarded pre- and post-judgment interest;

C.   That Plaintiff Smith be awarded reasonable attorneys' fees;

D.   That Plaintiff Smith be awarded the costs and expenses of this action; and

E.   That Plaintiff Smith be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 31st day of May, 2016.

MARTIN & MARTIN, LLP

By: _____

Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax